**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

SANDRA GARCIA DE ALVAREZ,

                    Petitioner,

vs.

UNITED STATES OF AMERICA,

                    Respondent.

No. C 13-4026-MWB
(No. CR 11-4049-2-MWB)

**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE**

---

## TABLE OF CONTENTS

I.   **INTRODUCTION**.................................................................2
     A.   *Factual Background* ................................................2
     B.   *Criminal Proceedings* .............................................3
     C.   *Section 2255 Proceedings* .........................................5

II.  **LEGAL ANALYSIS** ..............................................6
     A.   *Standards For § 2255 Relief*.......................................7
          1.   *Grounds for relief* ..........................................7
          2.   *Standards for an evidentiary hearing*........................ 10
     B.   *Garcia De Alvarez's "Ineffective Assistance Of Counsel" Claims*.................................................. 12
          1.   *Failure to seek a bill of particulars* ..................... 12
          2.   *Failure to explain alternatives to trial in "laymen's" terms* ....................................................... 13
          3.   *Failure to challenge drug quantity and purity* ............. 15
          4.   *Failure to interview and present witnesses* ................ 16
               a.   *Additional witnesses* ................................. 16
               b.   *Arguments of the parties* ............................. 19
               c.   *Analysis* ............................................. 20
     C.   *Certificate Of Appealability*...................................... 23

III. **CONCLUSION** ................................................ 24

This case is before me on petitioner Sandra Garcia De Alvarez's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1), filed on March 4, 2013. Garcia De Alvarez claims that her trial attorney provided her with ineffective assistance of counsel in several respects. The respondent denies that Garcia De Alvarez is entitled to any relief on her claims.

## I.    INTRODUCTION

### A.    *Factual Background*

The trial transcript reflects that, in October of 2010, law enforcement officers conducted a controlled buy, involving the purchase of three ounces of methamphetamine for $6,000 by a confidential informant, from Garcia De Alvarez's husband, Lorenzo Alvarez. Law enforcement officers used the same confidential informant to set up a second meeting with Lorenzo, on November 16, 2010, purportedly to purchase another ten ounces of methamphetamine. When Lorenzo arrived at the place agreed upon to complete the transaction, law enforcement officers arrested him and seized additional methamphetamine.

That same evening, law enforcement officers obtained and executed a search warrant for Lorenzo's residence in Denison, Iowa, which he shared with Garcia De Alvarez and their five children. Garcia De Alvarez was asleep at the time that the law enforcement officers arrived at the residence to execute the warrant. During the search, law enforcement officers seized items, including the following: a total of $4,790 in cash found in a sewing container located in the closet next to the master bedroom where Garcia De Alvarez had been sleeping; approximately six ounces of methamphetamine found in

a plastic container in the master bathroom; packaging materials found in the master bathroom; and two gram scales found in the master bedroom/bathroom areas. Garcia De Alvarez denied any knowledge of or involvement in her husband's drug activities. Nevertheless, law enforcement officers arrested her after concluding their search of the residence.

### B.     *Criminal Proceedings*

In an Indictment (Crim. docket no. 1), handed down March 24, 2011, a Grand Jury charged Lorenzo with possessing with intent to distribute 50 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). In a Superseding Indictment (Crim. docket no. 17), handed down May 19, 2011, the Grand Jury reiterated the "possession with intent" charge against Lorenzo in Count 1, and added Count 2 charging Garcia De Alvarez (but not Lorenzo) with conspiracy to distribute 500 grams or more of a methamphetamine mixture containing 50 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. § 846. At her arraignment on June 24, 2011, Garcia De Alvarez pleaded not guilty and was released on bond. Minutes Of Initial Appearance And Arraignment (Crim. docket no. 29); Order (Crim. docket no. 30). The parties also stipulated to the standard "open file" discovery order. *Id.* By Order (Crim. docket no. 31), the court set a jury trial on the "conspiracy" charge against Garcia De Alvarez for the two-week period beginning August 1, 2011, the same date for which Lorenzo's trial on the "possession with intent" charge against him was already set. *See* Order (Crim. docket no. 27). By separate Order (Crim. docket no. 33), the court appointed counsel to represent Garcia De Alvarez.

By Order (Crim. docket no. 35), dated June 28, 2011, the court set a guilty plea hearing for Lorenzo for July 12, 2011, and struck the trial as to him. On July 12, 2011, Lorenzo pleaded guilty to the "possession with intent" charge against him pursuant to a

written plea agreement. *See* Minutes (Crim. docket no. 42); Report And Recommendation Concerning Plea Of Guilty (Crim. docket no. 43). I accepted his guilty plea the same day. *See* Order (Crim. docket no. 46). At various times, Lorenzo gave conflicting statements about whether or not Garcia De Alvarez was involved in his drug business.

Garcia De Alvarez elected to go to trial on the "conspiracy" charge against her. Jury selection for her trial was on March 29, 2012, and the parties presented evidence on March 30, 2012. *See* Minutes (Crim. docket nos. 112 and 114). The evidence at trial included the testimony of three cooperating witnesses to the effect that Lorenzo was their methamphetamine dealer, but that, on several occasions, when he was out of town or unavailable, Garcia De Alvarez would handle the exchange of methamphetamine and cash. The only defense witness was Garcia De Alvarez herself. She testified that she did not know anything about money or drugs or anything like that and that she had never delivered drugs to any of the cooperating witnesses or anyone else. *See, e.g.*, Transcript, Vol. II, 206:12-207:13. She also testified that she did not try to get a plea agreement from the prosecution, like other people, "[b]ecause [she was] not going to say something that [she] did not do." *Id*. at 210:6-14.

Counsel made their closing arguments on April 2, 2012. *See* Minutes (Crim. docket no. 116). Later that same day, the jury found Garcia De Alvarez guilty of the "conspiracy" offense. *See* Verdict Form (Crim. docket no. 117). The jury found Garcia De Alvarez responsible for 50 grams or more but less than 500 grams of methamphetamine mixture, not for more than 500 grams of methamphetamine mixture, as charged in the Superseding Indictment. *Id*. Prior to trial, the prosecution had abandoned any request that the jurors determine any quantity of actual (pure) methamphetamine for which Garcia De Alvarez could be held responsible. On July 31, 2012, I sentenced Garcia De Alvarez to 60 months, the mandatory minimum sentence

based on her conviction, after granting her Motion For Downward Variance (Crim. docket no. 143) from a guidelines range of 78 to 97 months, with four years of supervised release.  Minutes (Crim. docket no. 146); Judgment (Crim. docket no. 147).

Garcia De Alvarez filed a Notice Of Appeal (Crim. docket no. 149) on August 7, 2012.  She was represented on appeal by her appointed trial counsel.  Her counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), "challenging the sufficiency of the evidence to support the jury's verdict," because "the testimony of cooperating witnesses was unreliable and not credible."  *United States v. Garcia De Alvarez*, No. 12-2858, Opinion (per curiam) (Crim. docket no. 163), 2.  On February 6, 2013, the Eighth Circuit Court of Appeals affirmed Garcia De Alvarez's conviction and sentence, finding "no nonfrivolous issues for appeal."  *Id*.  A Mandate (Crim. docket no. 165) issued on March 8, 2013.

### C.        *Section 2255 Proceedings*

On March 4, 2013, Garcia De Alvarez filed her Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1), *pro se*, which is now before me.  She sought relief on four "ineffective assistance of counsel" claims, based on the following allegations:  (1) her trial counsel failed to establish her "position" in the alleged conspiracy by requesting a bill of particulars; (2) her trial counsel failed to challenge the amount and purity of the methamphetamine that was charged against her; (3) her trial counsel failed to call witnesses who would have testified to her innocence and her trial counsel's "unavailability" when she tried to contact him; and (4) her trial counsel failed to explain in "laymen's" terms the process of a plea agreement, a guilty plea, or the process of a jury trial.  The respondent filed an Answer (Civ. docket no. 3) on March 6, 2013.  By Order (Civ. docket no. 4), filed March 7, 2013, I directed that counsel be appointed to

represent Garcia De Alvarez in this matter and set a briefing schedule on her § 2255 Motion.

On June 18, 2013, counsel filed Petitioner's Brief (Civ. docket no. 13). Counsel clarified Garcia De Alvarez's "ineffective assistance of counsel" claims, as follows: (1) her trial counsel failed to investigate and interview witnesses, which resulted in a failure to call witnesses on her behalf at trial; (2) her trial counsel failed to explain in "laymen's" terms the processes of a plea agreement, a guilty plea, and a jury trial; (3) her trial counsel failed to request a bill of particulars; and (4) her trial counsel failed to challenge the amount and purity of the stated drug that was charged against her. Garcia De Alvarez attached the affidavits of eight potential witnesses that she claims she told her trial counsel to interview. In their affidavits, these people summarize the testimony that they would have given, had they been called as witnesses on Garcia De Alvarez's behalf at trial, and aver that they were not contacted by Garcia De Alvarez's trial counsel prior to her trial. On September 18, 2013, the respondent filed its Response (Civ. docket no. 18), to which it attached an affidavit from Garcia De Alvarez's trial counsel, disputing Garcia De Alvarez's claims. Garcia De Alvarez's counsel filed a Reply Brief (Civ. docket no. 24) on October 18, 2013. Regrettably, there the matter has languished until now, owing to the press of other work and clerical oversight.

## II. LEGAL ANALYSIS

I will consider each of Garcia De Alvarez's claims separately. However, I will first summarize the standards applicable to a claim for § 2255 relief.

### A.   Standards For § 2255 Relief

### 1.   Grounds for relief

"Section 2255 [of Title 28 of the United States Code] 'was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)).   Nevertheless, "[l]ike habeas corpus, this remedy 'does not encompass all claimed errors in conviction and sentencing.'" *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  Specifically, § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).   Thus, § 2255 "provides a remedy for jurisdictional and constitutional errors," but "[b]eyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; 'an error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."'" *Sun Bear*, 688 F.3d at 704 (quoting *Addonizio*, 442 U.S. at 185, in turn quoting *Hill v. United States*, 368 U.S. 424, 428 (1962); *accord Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) ("'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on

direct appeal and, if uncorrected, would result in a complete miscarriage of justice.'" (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

In addition, a petitioner who fails to raise a claim on direct appeal generally may not raise that claim in a § 2255 motion. *Walking Eagle*, 742 F.3d at 1082. A petitioner may overcome this "procedural default," however, if the petitioner establishes both "'cause for the procedural default and actual prejudice resulting from the error.'" *Id.* (quoting *Apfel*, 97 F.3d at 1076, in turn citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). "'Absent unusual circumstances, a showing of ineffective assistance of counsel satisfies both cause and prejudice.'" *Id.* (quoting *Apfel*, 97 F.3d at 1076)). Indeed, "ineffective assistance of counsel" claims are not procedurally defaulted when brought for the first time pursuant to § 2255. *Massaro v. United States*, 538 U.S. 500, 508 (2003). The Eighth Circuit Court of Appeals has also expressly recognized that a claim of "ineffective assistance of counsel" should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Therefore, when I can construe a petitioner's claim as a claim of ineffective assistance of counsel, I will consider that claim on the merits.

Not only does ineffective assistance of counsel establish "cause and prejudice" to overcome procedural default, in my experience, such claims are far and away the most common claims for § 2255 relief. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel not only at trial, but at sentencing, on direct appeal, and during other "critical" phases of the criminal proceedings. *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010) (negotiation of a plea

bargain); *Burger v. Kemp*, 483 U.S. 776, 803–04 (1987) (pretrial plea negotiations).; *Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (direct appeal); *Gardner v. Florida*, 430 U.S. 349, 358 (1977) (sentencing). The Eighth Circuit Court of Appeals has recognized that, if a defendant was denied the effective assistance of counsel guaranteed by the Sixth Amendment, "then his sentence was imposed 'in violation of the Constitution,' . . . and he is entitled to relief" pursuant to § 2255(a). *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010).

As the Eighth Circuit Court of Appeals has explained,

> "Normally, in order to succeed on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir.2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*Sweeney v. United States*, 766 F.3d 857, 859-60 (8th Cir. 2014). These two prongs require some further explication.

"Deficient" performance is performance that falls "'below an objective standard of reasonableness,'" *Lafler v. Cooper*, ___ U.S. ___, ___, 132 U.S. 1376, 1384 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)), that is, conduct that failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Donnell v. United States*, 765 F.3d 817, 821 (8th Cir. 2014). Thus, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, ___, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 687)).

"To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

9

proceeding would have been different.'" *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384 (quoting *Strickland*, 466 U.S. at 694). The Court has explained more specifically what a "reasonable probability" means:

> "A reasonable probability is a probability sufficient to undermine confidence in the outcome." [*Strickland*, 466 U.S. at 694]. That requires a "substantial," not just "conceivable," likelihood of a different result. *Richter*, 562 U.S., at ___, 131 S. Ct., at 791.

*Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1403 (2011). Ultimately, a showing of "prejudice" requires counsel's errors to be "'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Richter*, ___ U.S. at ___, 131 S. Ct. at 787-88 (quoting *Strickland*, 466 U.S. at 687). As the Eighth Circuit Court of Appeals has explained, however,

> [P]rejudice may be presumed when the defendant experiences a "complete denial of counsel" at a critical stage of his trial. *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). "[T]he trial is the paradigmatic critical stage." *United States v. Turner*, 975 F.2d 490, 496 (8th Cir.1992).

*Sweeney*, 766 F.3d at 859-60.

I will discuss the *Strickland* standards for ineffective assistance of counsel claims in more detail, if necessary, when I turn to consideration of Garcia De Alvarez's specific claims, below.

### 2. *Standards for an evidentiary hearing*

One further procedural matter that is often of considerable importance in § 2255 proceedings is the standard for an evidentiary hearing. As the Eighth Circuit Court of Appeals recently explained,

> "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary

> prior to the motion's disposition if a factual dispute exists."
> [*Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir.
> 2013)]. "The district court is not permitted to make a
> credibility determination on the affidavits alone." *Id.* at 1206.

*United States v. Sellner*, 773 F.3d 927, 929 (8th Cir. 2014). Indeed, "'[w]here petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record 'affirmatively refutes the factual assertions upon which [the claim] is based.'"" *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (citing *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007), in turn quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)).

On the other hand,

> [The district court] may . . . deny an evidentiary hearing if
> "(1) the [petitioner's] allegations, accepted as true, would not
> entitle the [petitioner] to relief, or (2) the allegations cannot
> be accepted as true because they are contradicted by the
> record, inherently incredible, or conclusions rather than
> statements of fact." [*Thomas*, 737 F.3d] at 1206–07
> (alterations in original) (quoting *Buster v. United States*, 447
> F.3d 1130, 1132 (8th Cir.2006)).

*Sellner*, 773 F.3d at 929-930; *accord Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014) (citing 28 U.S.C. § 2255(b)); *Franco*, 762 F.3d at 763; *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013).

The district court's denial of an evidentiary hearing is reviewed for abuse of discretion. *Sellner*, 773 F.3d at 929; *see also United States v. Fausto*, 754 F.3d 640, 642 (8th Cir. 2014) (explaining that, to determine whether the district court abused its discretion in denying an evidentiary hearing, the court must review *de novo* the validity of a petitioner's § 2255 claims).

## B. Garcia De Alvarez's "Ineffective Assistance Of Counsel" Claims

As mentioned above, Garcia De Alvarez asserts four separate "ineffective assistance of counsel" claims. I will consider them in turn, but in the order that the alleged errors occurred during trial counsel's representation of Garcia De Alvarez.

### 1. Failure to seek a bill of particulars

Garcia De Alvarez offers scant argument in support of her claim that trial counsel provided ineffective assistance of counsel by failing to request a bill of particulars. Indeed, her current counsel only requests that, at an evidentiary hearing, Garcia De Alvarez be given the opportunity to present evidence and argument as to this claim. Garcia De Alvarez's *pro se* § 2255 Motion suggests that the evidence that her trial counsel should have sought by a bill of particulars concerned her alleged "position" in the alleged "conspiracy." The respondent argues that Garcia De Alvarez does not specify any basis for a bill of particulars or any specific information or evidence that she could have sought by doing so. The respondent argues that her counsel had full access to the prosecution's "discovery file" and timely received all Jenks material. Thus, the respondent argues that there is no support for this claim in the record.

"Where the plain language of an indictment fails to alert a defendant of the 'precise nature of the government's allegations,' a bill of particulars can cure deficiencies in the indictment's form." *United States v. Mann*, 701 F.3d 274, 288 (8th Cir. 2012) (citing *United States v. Dolan*, 120 F.3d 856, 866 (8th Cir. 1997)). Courts "will not overturn a conviction for want of a bill of particulars unless the defendant suffered actual prejudice due to surprise at trial." *United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012). As I have explained, "[N]umerous courts have held that no bill of particulars is required when the defendant has access to the necessary detail about the charges to prepare a defense, for example, in the form of 'open file' discovery or 'some other satisfactory

form.'" *United States v. Johnson*, 225 F. Supp. 2d 982, 994 (N.D. Iowa 2002) (citing cases).

Here, there are no factual allegations to suggest that, as to failing to request a bill of particulars, Garcia De Alvarez's trial counsel's performance fell "'below an objective standard of reasonableness,'" *Lafler*, ___ U.S. at ___, 132 U.S. at 1384 (quoting *Hill*, 474 U.S. at 57), that is, failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney. *Strickland*, 466 U.S. at 687; *Donnell*, 765 F.3d at 821. Nor are there any factual allegations suggesting that, had her trial counsel done so, there is a "'reasonable probability that . . . the result of the proceeding would have been different.'" *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384 (quoting *Strickland*, 466 U.S. at 694). Mere conclusions are not enough to warrant an evidentiary hearing, and no factual disputes that can only be resolved by an evidentiary hearing are apparent. *Sellner*, 773 F.3d at 929-30. Rather, the record shows beyond dispute that trial counsel had access to "open file" discovery, *see Johnson*, 225 F. Supp. 2d at 994, and Garcia De Alvarez does not allege that she was "surprised" by anything at trial. *See Beasley*, 688 F.3d at 532. Garcia De Alvarez cannot show that her trial counsel performed deficiently by failing to raise a meritless demand for a bill of particulars. *See, e.g., Thai v. Mapes*, 412 F.3d 970, 978 (8th Cir. 2005).

Garcia De Alvarez is not entitled to an evidentiary hearing or any relief on this claim.

### 2.   *Failure to explain alternatives to trial in "laymen's" terms*

Garcia De Alvarez also asserts that her trial counsel was ineffective in failing to explain in "laymen's" terms the processes of a plea agreement, a guilty plea, and a jury trial. Although Garcia De Alvarez's counsel cites my decision in *United States v. Hernandez*, 450 F. Supp. 2d 950 (N.D. Iowa 2006), as indicating that trial counsel can be ineffective for failing to explain these matters, counsel ultimately argues only that

Garcia De Alvarez should be given the opportunity to present evidence and argument as to this claim. Garcia De Alvarez's *pro se* § 2255 Motion is no more illuminating on this claim. The respondent contends that the record demonstrates that this claim is without foundation, because trial counsel, who had considerable trial experience, avers that he did discuss with Garcia De Alvarez the benefits of accepting a proposed plea agreement by the prosecution (to misprision of a felony), on four separate occasions, with an interpreter, but Garcia De Alvarez was not interested. The respondent argues that Garcia De Alvarez has failed to allege, let alone establish, any specific issues regarding her lack of knowledge regarding the evidence against her, the possibilities of a plea agreement, or the general plea/trial process.

Again, there are no factual allegations to suggest that, in failing to explain the plea or trial process to her, Garcia De Alvarez's trial counsel's performance fell "'below an objective standard of reasonableness,'" *Lafler*, ___ U.S. at ___, 132 U.S. at 1384 (quoting *Hill*, 474 U.S. at 57), that is, failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney, *Strickland*, 466 U.S. at 687; *Donnell*, 765 F.3d at 821. Nor are there any factual allegations suggesting that, had her trial counsel done so, there is a "'reasonable probability that . . . the result of the proceeding would have been different.'" *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384 (quoting *Strickland*, 466 U.S. at 694). Mere conclusions are not enough to warrant an evidentiary hearing; Garcia De Alvarez's trial counsel avers that he did provide the pertinent information, through an interpreter, on more than one occasion; Garcia De Alvarez does not assert that she was given *no* information about pleading versus going to trial; and Garcia De Alvarez admits that she was aware that "other people" had obtained benefits from entering into plea agreements, *see* Trial Transcript, Vol. 2, at 210:6-14, so that no factual disputes that can only be resolved by an evidentiary hearing are apparent. *Sellner*, 773 F.3d at 929-30. Indeed, Garcia De Alvarez's trial testimony that she did not try to get a

plea agreement from the prosecution, like other people, "[b]ecause [she was] not going to say something that [she] did not do," Trial Transcript, Vol. 2, at 210:6-14, stands as an insurmountable barrier to proof of prejudice under *Strickland*, in the absence of any other evidence suggesting that there were circumstances in which Garcia De Alvarez would have considered a plea agreement.

Garcia De Alvarez is not entitled to an evidentiary hearing or any relief on this claim.

### 3. *Failure to challenge drug quantity and purity*

Next, I will consider Garcia De Alvarez's claim that her trial counsel provided ineffective assistance by failing to challenge the amount and purity of the stated drug that was charged against her. As with the previous claim, Garcia De Alvarez's current counsel offers no argument or evidence to support this claim, but states only that Garcia De Alvarez requests the opportunity to present relevant evidence and argument at an evidentiary hearing. Garcia De Alvarez's *pro se* § 2255 Motion, likewise, provides neither relevant factual allegations nor argument. The respondent points out that, although Garcia De Alvarez was charged with quantities of methamphetamine mixture and actual (pure) methamphetamine that would have subjected her to a ten-year mandatory minimum sentence, the prosecution did not put on any evidence about any quantity of actual (pure) methamphetamine, and that the jury found a quantity of methamphetamine mixture that subjected Garcia De Alvarez only to a five-year mandatory minimum sentence. The respondent also argues that Garcia De Alvarez's defense was based on lack of knowledge of or involvement in any drug offenses, not on purity or drug quantity, which was a reasonable trial strategy or tactic.

Again, there are no factual allegations to suggest that, in failing to challenge drug quantity or purity, Garcia De Alvarez's trial counsel's performance fell "'below an objective standard of reasonableness,'" *Lafler*, ___ U.S. at ___, 132 U.S. at 1384

(quoting *Hill*, 474 U.S. at 57), that is, failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney, *Strickland*, 466 U.S. at 687; *Donnell*, 765 F.3d at 821. Nor are there any factual allegations suggesting that, had her trial counsel done so, there is a "'reasonable probability that . . . the result of the proceeding would have been different.'" *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384 (quoting *Strickland*, 466 U.S. at 694). Mere conclusions are not enough to warrant an evidentiary hearing, and no factual disputes that can only be resolved by an evidentiary hearing are apparent. *Sellner*, 773 F.3d at 929-30. Garcia De Alvarez offers nothing to suggest that the quantity of methamphetamine mixture ultimately attributed to her by the jury was wrong. *See Pruitt v. United States*, 233 F.3d 570, 572 (8th Cir. 2000). Nor does she offer anything to show that, where the prosecution did not present evidence of purity, it was unreasonable for defense counsel to focus on a defense based on lack of knowledge or involvement, rather than to make a meritless challenge to drug quantity or purity. *See, e.g., Thai*, 412 F.3d at 978.

Garcia De Alvarez is not entitled to an evidentiary hearing or any relief on this claim.

### 4.    *Failure to interview and present witnesses*

Garcia De Alvarez's remaining claim is that her trial counsel provided ineffective assistance by failing to investigate and interview witnesses that she had identified, which resulted in a failure to call witnesses on her behalf at trial. This claim requires some examination of what the potential witnesses in question would have said at trial.

### a.    *Additional witnesses*

Garcia De Alvarez asserts that she identified at least eight potential witnesses to her trial counsel, but trial counsel did not interview or call any of them at trial. She has attached affidavits from eight such potential witnesses. Joaquin Santos, who is an uncle of Garcia De Alvarez's husband, Lorenzo, and the person with whom Garcia De

Alvarez's five children currently reside, avers that he saw Garcia De Alvarez "practically every day." Gloria Nieto, who is Garcia De Alvarez's husband's aunt, avers that she has known Garcia De Alvarez for approximately eleven years, that she also saw Garcia De Alvarez "practically every day," and that Garcia De Alvarez babysat her daughter for approximately five years. Miguel Alvarez, who is the eldest of Garcia De Alvarez's children, now an adult, avers that he was living with his mother at the time of her arrest. Francisca Santos avers that she has known Garcia De Alvarez for approximately thirteen or fourteen years and that she used to see her and visit her several times each week. Leyber Carrizales avers that she has known Garcia De Alvarez for approximately five years and that, until her arrest, she used to see her and visit with her several times each week. Sandra Calderon avers that she has known Garcia De Alvarez for approximately five or six years and would see her and visit with her several times each week and also see her at church. Gloria Ayala avers that she has known Garcia De Alvarez for approximately five years, that she has been her co-worker, and that she also used to see her at church. Adolfo Vargas avers that he has known Garcia De Alvarez for approximately four years, that he met her through church, and that he used to see her there several times each week and around town.

All of these potential witnesses aver that they had no knowledge or suspicion of any drug activity taking place at Garcia De Alvarez's home and that she was too busy with her children and church to have time for anything else. Each also avers that he or she would have been willing to testify at trial, but that he or she was not contacted by any attorney on Garcia De Alvarez's behalf. Joaquin Santos adds that Lorenzo has admitted to him that the drug activity was completely his fault and that Garcia De Alvarez had nothing to do with it. Contrary to the affidavit by Garcia De Alvarez's trial counsel, Gloria Nieto avers that she was not contacted by any attorney on Garcia De Alvarez's behalf. Nieto also avers that, before Garcia De Alvarez got a job, she sold baked goods

to make money for her family, that she had borrowed money from Nieto to send to her sick father in Mexico, and that she knew that she could do so again, so that she would not have needed to make money through drug dealing. Adolfo Vargas adds that Garcia De Alvarez was working 12 to 14 hours each day at Appa Fine Foods and that her family activities took up all the rest of her time.

Garcia De Alvarez identifies other potential witnesses as Carmen Esquival and Lorenzo. She contends that Esquival was the interpreter used during the search of Garcia De Alvarez's residence, that she would have testified that a search warrant was not presented to Garcia De Alvarez during the search, and that Esquival did not interpret one at the time. Garcia De Alvarez asserts that Lorenzo would have testified that he was solely responsible for the drug trafficking and that Garcia De Alvarez neither knew about it nor participated in it.

The respondent offers the affidavit of Garcia De Alvarez's trial counsel in support of its Resistance. In response to the allegation that he was ineffective for failing to investigate and interview witnesses, which resulted in a failure to call witnesses on behalf of Garcia De Alvarez, trial counsel avers as follows:

> 1. The most troublesome evidence against [Garcia De] Alvarez was the 175 g of methamphetamine found in the bathroom attached to the master bedroom and the drug paraphernalia and money found in the master bedroom where she slept. Counsel did interview Gloria Nieto. Counsel did not interview the other witnesses listed in petitioner's brief. The summary of the testimony of said witnesses would have been that they never saw [Garcia De] Alvarez deal drugs. There were no witnesses who had any particularized knowledge about any of the cooperating witnesses or her husband's, Lorenzo, drug dealing. Each of the witnesses listed would likely have testified they never saw [Garcia De Alvarez] dealing drugs. Of course,

those same witnesses would have testified they never saw her husband, Lorenzo, dealing drugs either. Counsel did not believe the other witnesses' testimonies would have been relevant.

2. Counsel did interview Lorenzo Alvarez on two separate occasions in the presence of Mr. Alvarez's legal counsel. In the first occasion, Mr. Alvarez claimed that [Garcia De Alvarez] was involved in dealing drugs. On the second occasion, which was shortly before the commencement of trial, Lorenzo Alvarez claimed [Garcia De Alvarez] was not involved. However, it became obvious to the undersigned that Lorenzo was lying about several important events on the night of [Garcia De Alvarez's] arrest. It was felt the undersigned could not ethically call Lorenzo to testify. Furthermore, it was the opinion of the undersigned that if called to testify, Lorenzo's lies would have been obvious and would have substantially hurt the case.

Respondent's Resistance, Trial Counsel's Affidavit (docket no. 18-1), ¶¶ 1-2.

### b. *Arguments of the parties*

Garcia De Alvarez contends that the evidence against her at trial was marginal at best. Indeed, she argues that the only evidence linking her to the alleged conspiracy was the testimony of three cooperators, whose credibility was highly suspect. She contends that, had any of the potential witnesses been called on her behalf, they would have corroborated her testimony and given the jury evidence to bolster her defense that she knew nothing about and had no involvement with Lorenzo's drug activities. She argues that this evidence presents a reasonable probability that the jurors would have reached a different result in her case.

The respondent argues that the affidavits of the potential witnesses simply vouch for Garcia De Alvarez's character. The respondent argues that such evidence is

inadmissible, pursuant to Rule 404(a) of the Federal Rules of Evidence, because the character traits described by the potential witnesses are not relevant to the case at hand. The respondent also argues that character cannot be proved through specific acts. The respondent also argues that trial counsel has provided a valid tactical or strategic reason for not considering the potential witnesses' testimony relevant after interviewing Gloria Nieto and Lorenzo.

In reply, Garcia De Alvarez argues that the potential witnesses' testimony is not just "character" evidence, but also "alibi" evidence, as it shows that she was so occupied with her work, church, and children that she would not have had the opportunity to be involved in drug trafficking. She also asserts that, even to the extent that the evidence from these potential witnesses is "character" evidence, it is relevant to probabilities of guilt under circuit law, notwithstanding that using such evidence may be a perilous course. Thus, she contends that her trial counsel was wrong to dismiss the potential witnesses' testimony as "irrelevant," particularly without adequate investigation.

### c.    *Analysis*

The Eighth Circuit Court of Appeals has explained, "'[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Strong v. Roper*, 737 F.3d 506, 517 (8th Cir. 2013) (quoting *Strickland*, 466 U.S. at 691). Thus,

> *Strickland* teaches that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." 466 U.S. at 690, 104 S.Ct. 2052. We have consistently held that a reasoned decision not to call a witness "is a virtually unchallengeable decision of trial strategy," in part because "there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences." *Staples*, 410 F.3d at 488-89, and cases cited.

As the Eighth Circuit Court of Appeals has also observed,

> "[T]he duty to investigate does not force defense lawyers to scour the globe on the off chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." *Rompilla v. Beard*, 545 U.S. 374, 383, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005). Indeed, *Strickland* itself presented a situation where "[c]ounsel's strategy ... decision not to seek more character or psychological evidence than was already in hand was ... reasonable." *Strickland*, 466 U.S. at 699, 104 S.Ct. 2052. And . . . the Supreme Court again confirmed that "there comes a point at which evidence from more distant relatives can reasonably be expected to be only cumulative, and the search for it distractive from more important duties." *Bobby v. Van Hook*, 558 U.S. 4, 11, 130 S.Ct. 13, 175 L.Ed.2d 255 (2009) (per curiam).

*Forrest v. Steele*, 764 F.3d 848, 859 (8th Cir. 2014) (additional citations omitted).

On the other hand, as the court has also explained,

> "[F]ailing to present mitigating evidence may be ineffective assistance if, due to inadequate trial preparation and investigation, 'counsel has through neglect failed to discover such evidence.'" *Kenley v. Armontrout*, 937 F.2d 1298, 1304 (8th Cir.1991) (quoting *Laws v. Armontrout*, 863 F.2d 1377, 1385 (8th Cir.1988)). "[S]trategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel." *Id*.

*Holder v. United States*, 721 F.3d 979, 994 (8th Cir. 2013).

Here, Garcia De Alvarez's trial counsel may have adequately investigated Lorenzo's potential testimony to dismiss it, on reasonable tactical or strategic grounds, as unlikely to be helpful. Nevertheless, at a minimum, an evidentiary hearing is required on this claim concerning all of the other potential witnesses, because the record *does not* "'affirmatively refute[ ] the factual assertions upon which [the claim] is based.'"

*Franco*, 762 F.3d at 763 (citing *Watson*, 493 F.3d at 964, in turn quoting *Shaw*, 24 F.3d at 1043). Indeed, this claim is an example of when an evidentiary hearing is the "preferred" method of resolving a § 2255 claim. *Sellner*, 773 F.3d at 929.

First, the affidavit from Gloria Nieto contradicts trial counsel's affidavit as to whether he ever interviewed Ms. Nieto. In the absence of *any* investigation of the potential witnesses' testimony, trial counsel cannot assert that his investigation was sufficient to support any strategic decision not to call such potential witnesses and he is entitled to no presumption of effective assistance. *See Holder*, 721 F.3d at 994. Even the issue of whether or not further investigation of the testimony of other potential witnesses was required, after interviewing Ms. Nieto—if trial counsel did, in fact, do so—presents a factual dispute as to the reasonableness of that decision in the circumstances presented.

Second, trial counsel's assertion and respondent's argument that no evidence from the potential witnesses is relevant or admissible is not unquestionably correct. As Garcia De Alvarez argues, the Eighth Circuit Court of Appeals has explained,

> The modern rules governing the admissibility of character evidence at trial are counterintuitive and enigmatic vestiges of an ancient time when expositions upon the defendant's moral disposition were commonplace in criminal proceedings. *See* 1A Wigmore, Evidence § 58.2, at 1213 & n. 1 (Tillers rev. 1983). Generally, the contemporary rules prohibit the Government from introducing evidence of the defendant's immoral character in an attempt to establish his propensity to engage in criminal behavior. Fed.R.Evid. 404; *Michelson v. United States*, 335 U.S. 469, 475-76, 69 S.Ct. 213, 218-19, 93 L.Ed. 168 (1948). *Character evidence is undeniably relevant in determining probabilities of guilt, however, and for this reason the defendant is free to present evidence, in the form of opinion or reputation testimony, of pertinent favorable character traits.* Fed.R.Evid. 404(a)(1),

> 405(a); *Michelson*, 335 U.S. at 476, 69 S.Ct. at 218-19. Where the defendant chooses this perilous path, though, he opens the door for the prosecution to introduce in rebuttal its own opinion or reputation evidence regarding the defendant's character. Fed.R.Evid. 404(a)(1), 405(a). Furthermore, the Government may challenge the defendant's character witnesses by cross-examining them about their knowledge of "relevant specific instances" of the defendant's conduct. Fed.R.Evid. 405(a).

*United States v. Monteleone*, 77 F.3d 1086, 1090 (8th Cir. 1996) (emphasis added). Although the path that Garcia De Alvarez asserts that her trial counsel should have taken may have been "perilous," that does not excuse trial counsel from adequately investigating the testimony of potential witnesses before making a decision that they offered *only* "character" evidence, or that such "character" evidence was not worth the risk.

The disputed facts warrant an evidentiary hearing on this claim. *See Sellner*, 773 F.3d at 929; *Franco*, 762 F.3d at 763. Those factual disputes include, at a minimum, what, if any, investigation trial counsel undertook before deciding not to call any of the witnesses that Garcia De Alvarez had identified, what rationale he had for his decision, and whether he conducted an adequate investigation of the relevance and admissibility of "character" and other evidence that these witnesses might have provided, as well as precisely what testimony these witnesses would have presented and the extent to which it was "character" or "alibi" evidence.

Therefore, an evidentiary hearing on this claim will be set, below.

## C.  *Certificate Of Appealability*

Denial of three of Garcia De Alvarez's four claims of "ineffective assistance of counsel" raises the question of whether or not she is entitled to a certificate of

appealability on those claims. In order to obtain a certificate of appealability on those claims, Garcia De Alvarez must make a substantial showing of the denial of a constitutional right. *See Miller–El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); Carter v. Hopkins, 151 F.3d 872, 873–74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller–El v. Cockrell* that, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I conclude that Garcia De Alvarez failed to make a substantial showing that three of her claims of "ineffective assistance of counsel"—the claims based on allegations that her trial counsel failed to explain in "laymen's" terms the processes of a plea agreement, a guilty plea, and a jury trial; that her trial counsel failed to request a bill of particulars; and that her trial counsel failed to challenge the amount and purity of the stated drug that was charged against her— are debatable among reasonable jurists, that a court could resolve any of the issues raised in those claims differently, or that any question raised in those claims deserves further proceedings. Consequently, a certificate of appealability is denied as to those claims. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El*, 537 U.S. at 335-36; *Cox*, 133 F.3d at 569.

### III. CONCLUSION

Upon the foregoing,

24

1.     Petitioner Sandra Garcia De Alvarez's March 4, 2013, Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. Docket no. 1), is **denied in part and reserved in part**, as follows:

a.     Ground One of Garcia De Alvarez's § 2255 Motion, alleging "ineffective assistance of counsel" based on her trial counsel's failure to request a bill of particulars, is **denied**, and a certificate of appealability on that claim is **denied**;

b.     Ground Two of Garcia De Alvarez's § 2255 Motion, alleging "ineffective assistance of counsel" based on her trial counsel's failure to challenge the amount and purity of the stated drug that was charged against her, is **denied**, and a certificate of appealability on that claim is **denied**;

c.     Ground Four of Garcia De Alvarez's § 2255 Motion, alleging "ineffective assistance of counsel" based on her trial counsel's failure to explain in "laymen's" terms the processes of a plea agreement, a guilty plea, and a jury trial is **denied**, and a certificate of appealability on that claim is **denied**;

d.     Ruling is **reserved** on Ground Three of Garcia De Alvarez's § 2255 Motion, alleging "ineffective assistance of counsel" based on her trial counsel's alleged failure to investigate and interview witnesses that she had identified, which resulted in a failure to call witnesses on her behalf at trial, pending an evidentiary hearing.

2.     An **evidentiary hearing** on the "ineffective assistance of counsel" claim alleged as Ground Three **is scheduled for Tuesday, March 31, 2015, at 3:00 p.m.**

3.     The United States Marshals Service is directed to transport petitioner Sandra Garcia De Alvarez to appear personally for this evidentiary hearing on March 31, 2015.

**IT IS SO ORDERED**.

**DATED** this 6th day of February, 2015.

_Mark W. Bennett_

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA